## IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No.** 10-31180 |
| Builders Financial Corporation, | ) | Chapter 11 |
| | ) | Judge Bruce W. Black |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 31ˢᵗ day of October, 2013 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Bruce W. Black, Bankruptcy Judge, in the room usually occupied by him as courtroom 719 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch_____
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that a copy of the foregoing Notice and Motion was caused to be served via First Class Mail properly addressed and postage prepaid to all parties with an asterisk (*) on October 4, 2013 and a copy of the Notice regarding the fee hearing was served upon all parties on the attached service list, on October 4, 2013.

/s/David K. Welch_____

## SERVICE LIST

United States Trustee*
Dirksen Federal Building
219 S. Dearborn St., Suite 873
Chicago, Il 60604

Andrew E. Weissman*
Drinker Biddle & Reath LLP
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606

Kristin Going*
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 2005-1209

Mark Taylor, Esq. *
Kilpatrick Stockton LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018

Heath D. Rosenblat*
Drinker Biddle & Reath LLP
1177 Avenue of the Americas
41st Floor
New York, NY 10036

Builders Financial Corp.*
c/o Builders Bank
225 West Wackder Dr., Suite 2000
Chicago, IL 60606

Builders Bank*
225 West Wacker Dr., Ste. 2000
Chicago, IL 60606

Richard D. Grossman
Law office Richard D. Grossman
225 W. Wacker Drive, Suite 1550
Chicago, IL 60606

Armand Lasky c/o
Northeastern Security Development
100 Merrick Rd., Ste. 508E
Rockville Centre, NY 11570

BNY Mellon as Guar Tr for MMcomm
Funding Ltd Attn Robert Major
6525 W Campus Oval
New Albany OH 43054

BNY Mellon as Guarantee Trustee for
MM Community Funding Ltd.
101 Barclay St., 8W
New York, NY 10286

BNY Mellon Global Corp. Trust as
Tr. for MM Community Funding Ltd.
101 Barclay Street 8W
New York, NY 10286

BNY Mellon Global Corporate Tr. as
Trustee for MM Community Funding II
101 Barclay St., 8W
New York, NY 10286

BNY Mellon Global Corporate Tr. as
Trustee for TPref Funding I, Ltd.
101 Barclay St., 8W
New York, NY 10286

Builders Capital Trust I
c/o BNY Mellon Global Corporate Tru
101 Barclay St., 8W
New York, NY 10286

Builders Capital Trust I
c/o BNY Mellon
6525 W Campus Oval
New Albany OH 43054
Attn Robert Major

Builders Capital Trust I c/o
BNY Mellon Global Corporate Trust
101 Barclay St., 8W
New York, NY 10286

Builders Capital Trust II
c/o Wilmington Trust Company
1100 N. Market St., Rodney Square N
Wilmington, DE 19890

Builders Capital Trust III
c/o Wilmington Trust Company
1100 N. Market St., Rodney Square N
Wilmington, DE 19890

Charles Hall
1480 Kurtis Lane
Lake Forest, IL 60045

Daniel Ruvalcaba
540 N. State St., #2911 E
Chicago, IL 60610

Jason B Hill Relationship Mgr
Corporate Capital Markets
Wilmington Trust Co
1100 N Market St
Wilmington DE 19890

Jeffery Ebbesen
1663 Penny Lane
Bartlett, IL 60103

Micki Kowalik
6901 Foxwood Drive
Schererville, IN 46375

Mitchell Saywitz
c/o Builders Bank
225 W Wacker Dr., Ste 2000
Chicago IL 60606

Robert H Major Vice Pres
BNY Mellon
6525 W Campus Oval
New Albany OH 43054

Ronald Fack
4 Millers Lane
Mount Prospect, IL 60056

Stuart Timoner
19515 Cedar Glen Drive
Boca Raton, FL 33434

Wilmington Trust Co. as Guarantee
Tr. for TPref Funding I, Ltd.
Rodney Square N.,1100 N. Market St.
Wilmington, DE 19890

Wilmington Trust Co. as Guarantee
Trustee for MM Community Funding II
Rodney Square N.,1100 N. Market St.
Wilmington, DE 19890

Yaron Hassid
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 10-31180 |
| Builders Financial Corporation, | ) | Chapter 11 |
| | ) | Judge Bruce W. Black |
| | ) | |
| Debtor/Debtor-in-Possession. | ) | |

## NOTICE OF HEARING ON MOTION FOR FIRST ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on October 4, 2013, Crane, Heyman, Simon, Welch & Clar, counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "CHSWC Motion"), requesting the sum of $463,263.00 for legal services rendered to the Debtor for the period commencing July 7, 2010 through and including September 3, 2013, plus costs advanced for the same period in the sum of $10,329.21.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CHSWC Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of **4:30 p.m.**, on the **28ᵗʰ day of October, 2013**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Crane, Heyman, Simon, Welch & Clar, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CHSWC Motion, together with objections timely filed, if any, will be held before the Honorable Bruce W. Black, Bankruptcy Judge, Courtroom No. 719, 219 South Dearborn Street, Chicago, Illinois, on the **31ˢᵗ day of October, 2013**, at the hour of **10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED:  October 4, 2013

**DEBTOR'S COUNSEL**:
David K. Welch, Esq.
 (Atty. No. 06183621)
Arthur G. Simon, Esq.
(Atty. No. 03124481)
Jeffrey C. Dan, Esq.
 (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                        )    Case No. 10-31180
                               )    Chapter 11
Builders Financial Corporation,     )    Judge Bruce W. Black
                               )
        Debtor/Debtor-in-Possession.    )

## COVER SHEET FOR APPLICATION FOR
## PROFESSIONAL COMPENSATION

Name of Applicant: CRANE, HEYMAN, SIMON, WELCH & CLAR, Debtors' Counsel

Authorized to Provide
Professional Services to: Debtor             

Date of Order
Authorizing Employment:    August 4, 2010   (Retroactive to July 13, 2010)

Period for Which Compensation
is Sought: From: July 7, 2010   through September 3, 2013

Amount of Fees Sought: $463,263.00

Amount of Expense
Reimbursement Sought:   $10,329.21

This is a(n): Interim Application  _  Final Application X
If this is not the first Application filed herein by this professional, disclose as to all prior fee
applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses
herein is: The pre-petition advance payment retainer of $119, 501.00 will be credited against any final
allowance awarded by this Court.

                                  David K. Welch and the firm

Date: October 4, 2013

                Applicant:     Crane, Heyman, Simon, Welch & Clar

                            By:   /s/David K. Welch
                                Debtors' Counsel

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-31180 |
| | ) | Chapter 11 |
| Builders Financial Corporation, | ) | Judge Bruce W. Black |
| | ) | |
| Debtor. | ) | |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"),

Counsel to Builders Financial Corporation, Debtor herein, make their Motion pursuant to Section

330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of

Expenses for legal services rendered and expenses incurred during the period July 7, 2010,

through September 3, 2013; and in support thereof, state as follows:

### Introduction

1.      On July 13, 2010, the Debtor filed its voluntary petition for relief under

Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      The Debtor operated its business and managed its financial affairs as Debtor-in-

Possession through confirmation of it Second Amended Plan of Reorganization ("Plan"). No

trustee, examiner or committee of unsecured creditors was appointed to serve in this

reorganization case.

3.      On August 4, 2010, this Court entered an Order authorizing the Debtor to retain

CHSWC as its Counsel in this Chapter 11 case retroactive to July 13, 2010, with compensation

subject to the further Order of this Court.

-1-

4.      By this Motion, CHSWC requests an allowance of final compensation and

reimbursement of expenses in the amounts of $463,263.00 and $10,329.21, respectively, for

legal services rendered to the Debtor during the period July 7, 2010, through September 3, 2013.

Itemizations of the legal services rendered and expenses incurred during the relevant period are

attached to this Motion as **Exhibits A through D**,[1] respectively.

5.      CHSWC has not received any prior allowances of interim compensation and

expenses in this Chapter 11 case.  The pre-petition retainer of $119,501.00 received by CHSWC

will be  applied by CHSWC to any  allowance of final compensation and expenses awarded by

this Court.[2]

6.      CHSWC has voluntarily reduced its final fee request by $15,116.00 to

account for more than one (1) attorney rendering duplicative legal services in certain instances.

Attached to this Motion as **Exhibit E** is an itemization of the legal services that have been

eliminated from this final fee request.

---

[1] Exhibit A is an itemization of legal services rendered for the period July 7, 2010, through June 26, 2013.  Exhibit B is an itemization of the legal services rendered for the period June 27, 2013, through September 3, 2013. Exhibit C is an itemization of the expenses incurred by CHSWC during the period of July 7, 2010, through June 26, 2013.  Exhibit D is an itemization of the expenses incurred by CHSWC during the period of June 27, 2013, through September 3, 2013.

[2] As set forth in the Retention Affidavits filed by CHSWC in conjunction with the Debtor's Motion To Employ CHSWC as Debtor's Counsel in this Chapter 11 case, on April 23, 2010, an advance payment retainer in the amount of $25,000.00 was received by CHSWC which was inadvertently paid by Builders Bank. Subsequently, Builders Bank was reimbursed by Mitchell Saywitz, the 100% owner of the Debtor (through his revocable trust), which was recorded on the books of the Debtor as a capital investment.  On July 12, 2010, an additional advance payment retainer in the amount of $125,000.00 was received by CHSWC from the Debtor. Legal services were provided to the Debtor by CHSWC prior to the Petition Date in preparation for the filing of this Chapter 11 case, whereby $30,499.00 of the aggregate advance payment retainer of $150,000.00 was applied by CHSWC prior to the Petition Date thereby leaving a remining unearned balance of the aggregate advance payment retainer of $119,501.00.

7.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157

and 1334. This matter is a "core" proceeding within th meaning of 28 U.S.C. Section

157(b)(2)(A) and (O).

8.     The statutory predicates for the relief requested in this Motion are Section 330 of

the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure

and Local Rule 5082-1.

**Relevant Factual Background**

9.     On December 21, 2010 the Debtor filed the Plan and Second Amended Disclosure

Statement ("Disclosure Statement").

10.     On December 23, 2010, this Court, with the express consent of BNYM,[3] entered

an Order approving the Disclosure Statement relating to its Plan. Notably, many of the revisions

to the Plan and Disclosure Statement were negotiated by and among the Debtor, BNYM and

Wilmington Trust Company ("Wilmington"). Moreover, these same revisions to the Plan and

Disclosure Statement were mostly drafted by BNYM.

11.     On February 3, 2011, The Bank of New York Mellon Trust Company, N.A. as

Trustee for MM Community Funding Ltd. ("BNYM as Trustee for MMCF") filed a Ballot

rejecting the Plan wherein it asserted that it was a creditor of the Debtor in the amount of

$15,000,000.00.

---

[3]"BNYM" refers to The Bank Of New York Mellon Trustee, in one or more of the following
roles (as applicable): (i) Indenture Trustee for those certain 10.25% Junior Subordinated Deferrable
Interest Debentures due July 25, 2031, issued by Builders Financial Corporation, pursuant to an Indenture
dated July 16, 2001, (ii) Guarantee Trustee pursuant to a Guarantee Agreement dated as of July 16, 2001
for the benefit of those certain 10.25% Capital Securities issued by Builders Capital Trust I, and (iii)
Institutional Trustee under the Amended and Restated Declaration of Trust of Builders Capital Trust I.

12.     On February 4, 2011, BNYM as Trustee for MMCF filed an Amended Ballot rejecting the Plan wherein it asserted that it was a creditor of the Debtor in the amount of $19,185,532.00. Importantly, BNYM as Trustee for MMCF did **not** file a claim in this Chapter 11 case and is listed in the Debtor's bankruptcy schedules as a creditor holding an unliquidated, contingent claim in the amount of $ 0.  Even more importantly, Builders Capital Trust I ("BCTI"), an actual creditor of the Debtor (presumably also represented by BNYM) did not cast any vote on the Plan.  On February 14, 2011, BNYM filed its Objection to Confirmation of the Debtor's Plan (the "Objection to Confirmation").

13.     The Plan provides for two classes. Class 1 consists of all allowed claims and is an impaired class. Class 2 consists of the unimpaired interest in the Debtor of Mitchell Saywitz and, therefore, is an unimpaired class which is presumed to have accepted the Plan (pursuant to Section 1126(f) of the Bankruptcy Code). Class 1 contains only seven claims; namely, the claims held by Builders Bank, BCTI, Builders Capital Trust II ("BCTII"), Builders Capital Trust III ("BCTIII") and the claims held by three individual creditors: Stuart Timoner, Armand Lasky and Yaron Hassid.[4] The Plan defines BCT I as the holder of the pre-petition bankruptcy claim arising under the Debenture.[5]

14.     Builders Bank timely filed a ballot accepting the Plan. BCT I, BCT II and BCT III

---

[4] Messrs. Timoner, Lasky and Hassid are referred to herein as the "TLH Creditors".

[5] "Debenture" refers to those certain 10.25% Junior Subordinated Deferrable Interest Debentures due July 25, 2031 issued by Builders Financial Corporation pursuant to an Indenture dated as of July 16, 2001.

failed to file ballots. The TLH Creditors each timely filed ballots accepting the Plan. On the last

day of voting, the CDO Trustee[6] filed a rejecting ballot purportedly for the Debenture Claim.

With the exception of the CDO Ballot, the results of the balloting were undisputed.

15.    On July 25, 2012, this Court entered an Order which provided that BCT I, and not

the CDO Trustee, held the Debenture Claim, and, thus, the CDO Ballot was disqualified (the

"Disqualification Order").

16.    On August 8, 2012, BNYM filed a notice of appeal of the Vote

Disqualification Order to the United States District Court for the Northern District of Illinois

("District Court"). The appeal was subsequently perfected with the District Court. On April 9,

2013, the District Court entered a Memorandum Opinion and Judgment affirming this Court's

entry of the Disqualification Order. BNYM then filed a further appeal of the affirmation of the

Disqualification Order to the Seventh Circuit Court of Appeals. This most recent appeal was

then dismissed by BNYM.

17.    With the completion of these appeals, this Court conducted a contested

confirmation hearing over several days. After the submission of evidence and the completion of

closing arguments, this Court entered and Order confirming the Plan under Section 1129(a) of

the Bankruptcy Code on September 3, 2013. The Order confirming the Plan is a final order

which was never appealed by BNY.

18.    Other events occurred during the course of this Chapter 11 case which are

detailed throughout this Motion.

---

[6] "CDO Trustee" refers to The Bank of New York Mellon Trust Company, N.A. as Trustee for
MM Community Funding Ltd.

**Interim Compensation**
**and Expenses Requested**

19.     CHSWC is a law firm whose practice is almost exclusively concentrated in

the fields of bankruptcy, reorganization and insolvency.  CHSWC is comprised of five (5)

members, two (2) associates, and two (2) "of counsel" attorneys, some of whom have

participated in representing the Debtor in this bankruptcy case.

20.     The following is biographical information pertaining to those attorneys who

have been primarily involved in the representation of the Debtor.  Other attorneys at CHSWC

have also participated to a lesser extent in this Chapter 11 case.  Each such attorney has

significant experience and expertise in bankruptcy, reorganization and litigation matters.

21.     DAVID K. WELCH is a member of the law firm and has been practicing

law in the State of Illinois since 1982.  His practice has always been primarily concentrated in

the fields of bankruptcy, insolvency and debtor's and creditor's rights.  He has represented

debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity

holders.  From October, 1979, through June, 1982, he served as Deputy Chapter 13 Trustee in

the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee.  He has authored

manuscripts for the Illinois Institute of Continuing Legal Education on matters involving

bankruptcy and insolvency.  He has lectured at seminars relating to bankruptcy issues at the

Chicago Bar Association.  He has served as a member of the Bankruptcy Mediation Panel Sub-

Committee of the Chicago Bar Association.  Furthermore, in conjunction with his financial

mediation and negotiation training, he has completed a course sponsored by the National

Institute for Trial Advocacy in conjunction with Northwestern University.  He is a member of

-6-

the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for

the Seventh and Third Circuits, and before the United States District Courts for the Northern and

Central Districts of Illinois, the Northern District of Indiana and the Eastern District of

Wisconsin.  He is a member of several other bar associations and legal organizations.  He was

formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison

with the Attorney Registration and Disciplinary Commission.  Mr. Welch is the former

Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization, is a

former member of the Advisory Board of the American Bankruptcy Institute, and is the former

Vice Chair of the Bankruptcy Court Liaison Committee.

    22.    ARTHUR G. SIMON is a member of the law firm of Crane, Heyman, Simon,

Welch & Clar, and has been practicing law since 1979 when he graduated from the Loyola

University of Chicago, School of Law.  Mr. Simon has been admitted to practice law in the state

courts of Illinois,  in the United States Court of Appeals for the Seventh Circuit, and in the

United States District Courts for the Northern and Central Districts of Illinois, the Eastern

District of Wisconsin and the Northern District of Indiana.  He is a member of the Federal Trial

Bar.

    Beginning in 1981, he became engaged almost exclusively in the practice of bankruptcy

and insolvency litigation and has represented virtually every type of party in such matters,

including Chapter 7 and Chapter 11 debtors, secured creditors, landlords, trustees, and creditors'

committees.  His activities have included membership in the Chicago Bar Association

Committee on Bankruptcy and Reorganization.  He has served as the Editor of the Advance

Sheets provided by said Committee.  In that capacity, he reported the rulings and opinions of the

Bankruptcy Judges in the Northern District of Illinois to the Bankruptcy Committee members of the Chicago Bar Association. He served for several years on the Commercial, Banking and Bankruptcy Section Council of the Illinois State Bar Association for whom he has published several articles, and also served on the General Assembly of that Association.

23.     JEFFREY C. DAN is a member of the law firm and has been practicing law in the State of Illinois since 1997. He graduated from DePaul University School of Law. He has practiced as a trial attorney in a number of areas of the law including personal injury, domestic relations, criminal law and commercial litigation. Mr. Dan joined the firm in September of 2002 and has been actively involved in all aspects of bankruptcy litigation as well as State Court litigation that arises in insolvency matters. Mr. Dan is admitted to practice in the United States Court of Appeals for the Seventh Circuit and the Third Circuit, and the United States District Courts for the Northern and Central Districts of Illinois, Northern District of Indiana, and the Eastern District of Wisconsin, and is a member of the Federal Trial Bar.

24.     BRIAN P. WELCH is an associate with CHSWC whose practice is primarily focused in the fields of bankruptcy, business reorganization, debtor's and creditor's rights, insolvency, and commercial litigation. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions.

-8-

Prior to joining CHSWC, Mr. Welch was an associate in the Chicago Bankruptcy &

Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from

The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in

2008. While in law school, he was a member of The John Marshall Law Review and served on

the The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John

Marshall Law School in several national inter-scholastic competitions, including the Hon.

Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team

received an "Outstanding Brief" award, and the Pepperdine University School of Law National

Entertainment Law Moot Court Competition (Fall 2010), where his team was named a national

quarterfinalist.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh

Circuit, the United States District Court for the Northern District of Illinois and in the State of

Illinois. He is an active member of the American Bankruptcy Institute, the American Bar

Association, and the Illinois State Bar Association. He has been published in various local and

national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual Survey of Bankruptcy Law,
Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar
Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).

Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases",
Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Unconscionable Amateurism: How the NCAA Violates Anti-Trust by
Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

25.     The hourly rates typically charged by CHSWC in matters of this nature and in this

Chapter 11 case are as follows:

| Attorney | 2010 Hourly Rates | 2011 Hourly Rates | 2012 Hourly Rates | 2013 Hourly Rates |
|---|---|---|---|---|
| Eugene Crane (EC)[7] | $475.00 | $485.00 | $490.00 | $495.00 |
| Glenn R. Heyman (GRH) | $475.00 | $485.00 | $490.00 | $495.00 |
| Arthur G. Simon (AGS) | $435.00 | $450.00 | $470.00 | $480.00 |
| David K. Welch (DKW) | $435.00 | $450.00 | $470.00 | $480.00 |
| Scott R. Clar (SRC) | $435.00 | $450.00 | $470.00 | $480.00 |
| Jeffrey C. Dan (JCD) | $350.00 | $375.00 | $395.00 | $405.00 |
| John H. Redfield (JHR) | $350.00 | $360.00 | $370.00 | $380.00 |
| Brian P. Welch (BPW) | | | | $285.00 |

26.     The following is a chart that depicts the total hours that each attorney at

CHSWC expended in representing the Debtor during the relevant period:[8]

| Attorney | 2010 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 14.40 | $ 6,264.00 |
| David K. Welch | 104.00 | $45,240.00 |
| Jeffrey C. Dan | .80 | $   280.00 |
| Total | 119.20 | $51,784.00 |

| Attorney | 2011 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 16.60 | $  7,470.00 |
| David K. Welch | 253.90 | $114,255.00 |
| Jeffrey C. Dan | .30 | $     37.50 |
| Total | 270.80 | $121,762.50 |

| Attorney | 2012 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 77.20 | $ 36,425.00 |
| David K. Welch | 269.60 | $127,131.50 |
| Jeffrey C. Dan | .60 | $   237.00 |
| John H. Redfield | .60 | $   222.00 |
| Total | 348.00 | $164,015.50 |

---

[7] These are the abbreviations utilized in the Exhibits to this Motion.

[8] The fee amounts set forth in this chart aggregate $478,379.00 which includes the "no charge" time of $15,116.00.

| Attorney | 2013 Hours | Amount |
|---|---|---|
| Arthur G. Simon | 45.40 | $21,792.00 |
| David K. Welch | 187.10 | $89,808.00 |
| Jeffrey C. Dan | 30.20 | $12,231.00 |
| Brian P. Welch | 59.60 | $16,986.00 |
| **Total** | **322.30** | **$140,817.00** |

## Legal Services Rendered to the Debtor

27.   The representation of the Debtor by CHSWC is categorized in this Motion as

follows:

A)   **General Administration**

The matters in this category include assisting the Debtor with the general administration of this bankruptcy case and the Debtor's business operations and financial affairs, filing routine motions, preparing bankruptcy schedules and statement of financial affairs, and filing professionals' fee applications and retention motions. Also included in this category are legal services related to assisting the Debtor with its monthly operating reports and responding to general creditor inquiries.

**Total Time Expended**                    **13.80 hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| Arthur G. Simon | 3.90 | | | | $1,696.50 |
| David K. Welch | 7.20 | 0.70 | 0.20 | 1.00 | $4,021.00 |
| Jeffrey C. Dan | 0.80 | | | | $ 280.00 |
| **TOTAL** | **11.90** | **0.70** | **0.20** | **1.00** | **$5,997.50** |

Attached to this Motion as **Exhibit F** is an itemization of the legal services rendered in this category.

B)   **Chapter 11 Filing Issues and Related Matters**

The preparation and organization implemented by CHSWC to accomplish the filing of this Chapter 11 case required more than the typical effort associated with the commencement of a

-11-

reorganization proceeding.  CHSWC was able to complete the filing of this Chapter 11 case swiftly and efficiently.

**Total Time Expended**                                    **5.40 hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| Arthur G. Simon | 5.10 | | | | $2,218.50 |
| David K. Welch | 0.30 | | | | $  130.50 |
| **TOTAL** | **5.40** | | | | **$2,349.00** |

Attached to this Motion as **Exhibit G** is an itemization of the legal services rendered in this category.

C)    **Chapter 11 Exit Strategy**

The Debtor filed the initial Plan of Reorganization and supporting Disclosure Statement within six (6) weeks of the Petition Date. Thereafter, the Debtor negotiated significant revisions to the initial Plan of Reorganization and supporting Disclosure Statement with BNYM and Wilmington.  As a result of these negotiations, this Court approved the Second Amended Disclosure Statement and scheduled a hearing on confirmation of the Plan. Surprisingly, BNYM objected to confirmation of the same Plan that it negotiated with the Debtor and Wilmington.  After balloting on the Plan, litigation and appeals ensued between BNYM and the Debtor which delayed the confirmation hearing until August 2013 at which time this Court conducted a multiple day contested confirmation hearing.  At the close of this trial, this Court confirmed the Plan over the objections of BNYM.

**Total Time Expended**                                    **400.10 hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| Arthur G. Simon | 5.40 | 2.30 | | 25.70 | $  14,685.50 |
| David K. Welch | 82.40 | 41.50 | 22.50 | 130.40 | $127,996.50 |
| Jeffrey C. Dan | | .10 | | 30.20 | $  12,268.50 |
| Brian P. Welch | | | | 59.60 | $  16,986.00 |
| **TOTAL** | **87.80** | **43.90** | **22.50** | **245.90** | **$171,935.50** |

-12-

Attached to this Motion as **Exhibit H** is an itemization of the legal services rendered in this category.

    D)    **Matters Involving BNYM**

    The litigation between the Debtor and BNYM throughout this Chapter 11 case was extensive.  The parties field Cross-Motions for Summary Judgment relating to the disqualification of BNYM's rejecting vote on the Plan and BNY's attempt to disqualify the votes of the TLH Creditors.  This Court entered an Order disqualifying BNYM's rejection of the Plan.  BNYM appealed and lost in the District Court and dismissed its appeal in the Seventh Circuit Court of Appeals.  This Court conducted a trial on BNYM"s Motion to Disqualify the accepting votes of the TLH Creditors. BNYM lost this trial.  The confirmation hearing was stayed pending a completion of the appeals by BNYM.  BNYM also filed numerous other motions in this Court – all of which were designed to prevent confirmation of the Plan.  Ultimately, all of BNYM's efforts failed and this Court confirmed the Plan.

**Total Time Expended**                                    **464.70 hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| Arthur G. Simon | | 14.30 | 56.20 | 4.40 | $ 21,609.00 |
| David K. Welch | 5.10 | 211.70 | 154.70 | 16.90 | $178,304.50 |
| Jeffrey C. Dan | | .20 | .60 | | $     237.00 |
| John H. Redfield | | | .60 | | $     222.00 |
| **TOTAL** | **5.10** | **226.20** | **212.10** | **21.30** | **$200,372.50** |

Attached to this Motion as **Exhibit I** is an itemization of the legal services rendered in this category.

    E)    **Appeals Involving BNYM**

    BNYM filed appeals of this Court's Order disqualifying BNYM's rejection of the Plan in both the District Court and Seventh Circuit Court of Appeals.  BNYM lost its appeal in the District Court and dismissed its appeal in the Seventh Circuit. As part of the appellate process, BNYM filed pleadings in this Court and in the District Court relating to reconsideration, lack of jurisdiction and stays pending appeal. CHSWC defended the Debtor in these appeals and with respect to these collateral matters.

**Total Time Expended**                                **165.50  hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| Arthur G. Simon | | | 21.30 | 15.30 | $17,165.50 |
| David K. Welch | | | 91.90 | 37.00 | $60,523.00 |
| **TOTAL** | | | **113.20** | **52.30** | **$77,688.50** |

Attached to this Motion as **Exhibit J** is an itemization of the legal services rendered in this category.

F)     **Matters Involving Wilmington**

CHSWC reviewed the Indenture and supporting documents relating to Wilmington.  CHSWC also negotiated a confidentiality agreement with Wilmington with respect to the process for the review of confidential information by Wilmington.  CHSWC also advised the Debtor concerning the administrative fee claim of Wilmington in the amount of approximately $230,000.00.

**Total Time Expended**                                **9.00 hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|---|---|---|---|---|---|
| David K. Welch | 6.90 | | .30 | 1.80 | $4,006.50 |
| **TOTAL** | **6.90** | | **.30** | **1.80** | **$4,006.50** |

Attached to this Motion as **Exhibit K** is an itemization of the legal services rendered in this category.

G)     **Builders Bank Matters**

The Debtor owns 100% of the stock in Builders Bank. Additionally, The Debtor and Builders Bank were parties to a pre-petition tax sharing agreement (which was rejected under the Plan). CHSWC reviewed this tax sharing agreement and advised the Debtor with respect to this document. CHSWC also reviewed the Consent Orders between Builders Bank and the regulators.

**Total Time Expended**                                **2.10  hours**

| Attorney | 2010 Hours | 2011 Hours | 2012 Hours | 2013 Hours | Amount |
|----------|-----------|-----------|-----------|-----------|--------|
| David K. Welch | 2.10 | | | | $913.50 |
| **TOTAL** | **2.10** | | | | **$913.50** |

Attached to this Motion as **Exhibit L** is an itemization of the legal services rendered in this category.

28.     This Chapter 11 case presented several complex bankruptcy and banking issues. As this Court is aware, these issues became very litigious with BNYM. Throughout this Chapter 11 case, CHSWC dealt with as many as eight (8) different lawyers from BNYM from their Chicago, New York, Los Angeles and Washington D.C. offices. Notably, in the redacted itemization of legal services rendered that was produced in discovery by BNYM, no less than twenty (20) attorneys and paralegals have rendered legal services on behalf of BNYM from the Drinker Biddle law firm. As of the confirmation hearing, BNYM had amassed fees well in excess of $1,200,000.00.

In dealing with this level of representation of the Debtor, at times, more than one (1) attorney at CHSWC rendered services to the Debtor on the same matters and issues. Under the circumstances of this Chapter 11 case, CHSWC asserts that such legal services were necessary and were not duplicative. All such fees should be awarded to CHSWC as reasonable and necessary.

**Conclusion**

29.     Other than as provided in Section 504(b) of the Bankruptcy Code,

CHSWC  has not shared, nor agreed to share, any compensation received as a result of this case

with any person, firm or entity.  The sole and exclusive source of compensation shall be funds of

the Debtor as made available under the Plan.  CHSWC has agreed to be paid from "Plan

Distributions" as that term is defined in the Plan.

30.     CHSWC asserts that the compensation requested in this Motion is

reasonable compensation for the actual and necessary legal services rendered based upon the

time, nature, extent and value of such professional services.  CHSWC further asserts that the cost

of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar

services in matters other than under the Bankruptcy Code.

31.     CHSWC asserts that the expenses for which reimbursement is sought in

this Motion are reasonable and were actual and necessary expenditures required in the

representation of the Debtor.

32.     CHSWC submits that the compensation and expenses requested are fair,

reasonable and warranted under the circumstances.


WHEREFORE, DAVID K. WELCH and the law firm of CRANE, HEYMAN, SIMON,

WELCH & CLAR, Debtor's Counsel, requests the entry of an Order allowing final

compensation and reimbursement of expenses in the amounts of $463,263.00 and $10,329.21,

respectively; and granting such other relief as may be just and appropriate.


-16-

Respectfully Submitted,

DAVID K. WELCH, and the law firm of CRANE, HEYMAN, SIMON, WELCH & CLAR

By: ___/s/David K. Welch_____

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan, Esq.  (Atty. No. 06242750)
Brian P. Welch, Esq. (Atty. No. 06242750)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\GRACE\Builders\Pay CHSWC.No.1.MOT.wpd