IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 10-31180 |
| ) | Chapter 11 |
| **BUILDERS FINANCIAL CORPORATION**, ) | |
| ) | Judge Bruce W. Black |
| Debtor. ) | |

**DEBTOR'S MOTION FOR FINAL DECREE PURSUANT TO RULE 3022
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

BUILDERS FINANCIAL CORPORATION, Debtor herein, by and through its Attorneys, makes its Motion for Final Decree Pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure ("Motion"); and in support thereof, states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. § 350(a), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3022-1.

**Relevant Background**

2. On July 13, 2010, this Court entered an Order for Relief in the above-captioned matter pursuant to a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, filed by Debtor Builders Financial Corporation.

3. Debtor filed its Second Amended Disclosure Statement (Dkt. No. 56)[1] and Second Amended Plan of Reorganization ("Plan") (Dkt. No. 54) on December 21, 2010. On December 22, 2010, this Court issued an Order approving Debtor's Second Amended Disclosure Statement (Dkt. No. 59) and setting a schedule for the filing of ballots on Debtor's Plan. Balloting on Debtor's Plan took place in January and February of 2011, with February 4, 2011 as the deadline for submitting ballots.

4. On February 9, 2011, Debtor filed its Ballot Report (Dkt. No. 68), which reported that Debtor's Plan had been accepted. The acceptance of Debtor's Plan was upheld by this Court over the objections of Bank of New York Mellon, as Indenture Trustee, (via Orders entered on July 25, 2012 (Dkt. No. 282 and November 15, 2012 (Dkt. No. 321)) and affirmed on appeal by the United States District Court of the Northern District of Illinois (via an Order entered on April 9, 2013).

5. On September 3, 2013, this Court entered an Order confirming Debtor's Plan (Dkt. No. 414), which became a final, non-appealable Order on September 18, 2013.

6. Debtor commenced payments under the Plan on October 16, 2013.

7. On November 1, 2013, this Court entered an order granting the application of Crane, Heyman, Simon, Welch & Clar for payment of attorney fees and expenses as an administrative expense (Dkt. No. 435). On December 17, 2013, this Court entered Orders granting the applications of The Bank of New York Mellon, as Indenture Trustee (Dkt. No. 473), and Wilmington Trust Company, as Indenture

---

[1] "(Dkt. No. xx)" refers to the document filed in the electronic docket for this Case designated as Docket Number xx.

Trustee (Dkt. No. 474), for payment of fees and reimbursement of expenses as administrative expenses.

**Relief Requested**

8. By this Motion, the Debtor requests that this Court enter an Order (i) for a final decree closing the bankruptcy estate and this Chapter 11 case, (ii) retaining jurisdiction as provided for in the Plan, and (iii) retaining jurisdiction to enforce or interpret its own orders in this Case, including, but not limited to, this final decree.

9. The courts "have a long standing policy of closing Chapter 11 cases soon after confirmation, particularly where the debtor is reorganized rather than liquidated, generally around the time when the only thing that remains to be done is for the reorganized debtor to make the payments called for by the plan." *In re Johnson*, 402 B.R. 851, 855 (Bankr. N.D. Ind. 2009). That is precisely the procedural posture of the case *sub judice*.

10. The closing of a bankruptcy case is governed by Bankruptcy Code Section 350, which provides that:

   (a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

11. As the Seventh Circuit has explained:

"In Chapter 11 reorganizations, a court has defined "fully administered" as indicating the point when the estate reaches substantial consummation as defined by Section 1101(2) of the Bankruptcy Code. Section 1101(2) states that substantial consummation is reached when, *inter alia*, distribution has *commenced* but not necessarily been completed. At that point a Chapter 11 final decree may be issued."

*In re Wade*, 991 F.2d 402, 406 fn 2. (Emphasis in original).

3

12. There is presently pending before this Court a motion filed by the aforementioned Indenture Trustees relating to the propriety of the initial plan distribution and appropriate plan distributions going forward. That issue has been fully briefed by the parties, and a hearing on said motion is scheduled for October 22, 2014, at 10:00 a.m.

13. The motion relating to plan distributions is the only matter remaining to be decided in this Chapter 11 bankruptcy. (See Exhibit A, attached).

14. Debtor submits that after resolution of the "plan distribution" motion, it is entitled to a final decree. The case has reached the point where "the only thing that remains to be done is for the reorganized debtor to make the payments called for the by the plan". *In re Johnson*, *supra*, 402 B.R. at 855. Moreover, the Plan has been substantially consummated within the meaning of Section 1101(2) of the Bankruptcy Code. Distribution has commenced but is not completed. Section 1101(2)(C). Sections (A) and (B) of 1101(2), respectively, refer to the transfer of property proposed by the plan to be transferred and assumption by the debtor of the business or management of substantially all of the property dealt with by the plan. Section (A) does not apply (there was no property to be "transferred" under the Plan) and Section (B) has been accomplished (the Bank has been "managing" the assets referred to in the Plan since before the filing of the Chapter 11, and continues to do so to this day). Therefore, the Plan has been substantially consummated, and, after resolution of the pending motion, a final decree would be appropriate under Code Section 350. (*See also*, *In re Wade, supra*).

4

WHEREFORE, for the foregoing reasons, Debtor **Builders Financial Corporation** prays for the entry of a Final Decree closing this Chapter 11 case after resolution of the aforementioned motion, and for such other relief as may be just and appropriate.

                                      Respectfully submitted,

By:    */s/ Richard D. Grossman*
          Richard D. Grossman
          Attorney for **Builders Financial Corporation**

Richard D. Grossman
**Law Offices of Richard D. Grossman**
211 West Wacker Drive, Suite 710
Chicago, IL  60606
312/750-9308

5